**COTTMAN TRANSMISSION SYSTEMS, INC.,**

v.

**LEHWALD, INC., et al.**

**Civ. No. 91–2486.**

United States District Court,
E.D. Pennsylvania.

Oct. 9, 1991.

Todd P. Leff, General Counsel, Cottman Transmissions, Inc., Fort Washington, Pa., for plaintiff.

B. Gray Gibbs, Gibbs & Rudzik, P.A., St. Petersburg, Fla., for defendants.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

This case involves an alleged breach of a licensing agreement between plaintiff Cottman Transmission Systems ("Cottman") on the one hand, and defendants Lehwald, Inc., Bernhard Lehwald, and Diane Lehwald on the other. Jurisdiction exists by virtue of diversity of citizenship: Cottman is incorporated and has its principal place of business in Pennsylvania, while defendants are all citizens of Florida. In July 1981, plaintiff and defendant Bernhard Lehwald entered into the licensing agreement, pursuant to which defendant Lehwald received the right to operate a franchise using the Cottman name. In March 1982, defendant Lehwald executed a transfer of license, under which the license was transferred to the newly formed Lehwald, Inc. Bernhard Lehwald signed the transfer as president of the corporation, and Diane Lehwald signed as secretary.

The licensing agreement provided that defendants would lease an appropriate facility for the franchise, and would also execute a lease rider allowing plaintiff to take possession of the leased property in the event that plaintiff terminated the licensing agreement. The licensing agreement also contained choice of law and choice of forum clauses, pursuant to which the parties agreed that the agreement would be interpreted according to Pennsylvania law, and that they would consent to jurisdiction and venue in any court of general jurisdiction in Philadelphia County or Montgomery County, Pennsylvania, or in the United States District Court for the Eastern District of Pennsylvania.

According to the averments of the complaint, defendant Lehwald, Inc., continued to operate a Cottman franchise at the leased property until May 1990, by which time defendant Lehwald, Inc., had filed for bankruptcy in the United States Bankruptcy Court for the Middle District of Florida. Thereafter defendants opened a competing transmission business at the site of the former Cottman franchise. When plaintiff learned of this, it terminated the licensing agreement and, pursuant to the terms of

the agreement, demanded possession of the leased property.

In the present action, plaintiff seeks a remedy for breach of the licensing agreement's lease rider clause and covenant not to compete. Plaintiff also seeks to recover unpaid license and advertising fees from defendants Diane Lehwald and Lehwald, Inc. Until August 20, 1991, this case was under an automatic stay because of the existence of bankruptcy proceedings initiated by Bernhard Lehwald and Diane Lehwald in the United States Bankruptcy Court for the Middle District of Florida. On August 20, however, U.S. Bankruptcy Judge Thomas E. Baynes, Jr., granted Cottman's motion for relief from the automatic stay. The action may therefore proceed in this court.

Defendants have moved for a suspension of proceedings in this court, pointing to the existence of an additional law suit initiated by plaintiff against defendant Lehwald, Inc., in state court in Florida. In the Florida action, plaintiff seeks possession of real property under the terms of a lease rider that entitled Cottman to take possession of the property from Lehwald under certain circumstances. Because the same facts and circumstances underlie the two law suits, and because both law suits seek possession of a piece of real property in Hillsborough County, Florida, defendants argue that this court should defer to the state court. Plaintiff opposes suspension of proceedings in this court, arguing that the state court procedure is in rem and based upon the terms of a lease between the parties, while the present action is in personam and based on the terms of the licensing agreement between the parties. Moreover, plaintiff argues, the Florida court lacks jurisdiction to consider plaintiff's claim under the licensing agreement, because the licensing agreement explicitly provides that law suits arising out of the licensing agreement may only be brought in a court of general jurisdiction of Philadelphia County or Montgomery County, Pennsylvania, or in this court.

**Legal Analysis**

■ There are two possible bases for defendants' motion, neither of which is explicitly raised in defendants' brief. The first is the doctrine of prior exclusive jurisdiction, according to which, once a court of one jurisdiction has acquired jurisdiction over property in an in rem action, a court of a second jurisdiction is without power to acquire jurisdiction over that property in a second in rem action. *See Kline v. Burke Construction Co.,* 260 U.S. 226, 229, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922). Were the doctrine applicable, this court would be required not merely to grant a stay of the present action, but to dismiss Count I of the amended complaint for lack of subject matter jurisdiction.

■ Despite the continued vitality of the doctrine of prior exclusive jurisdiction, *see, e.g., United States v. One 1985 Cadillac Seville,* 866 F.2d 1142, 1145 (9th Cir.1989), it does not assist defendants in their pursuit of a stay. It is settled law that "a suit to compel the specific performance of a contract to convey real property is a suit in personam, and not in rem." *See Atlantic Seaboard Natural Gas Co. v. Whitten,* 315 Pa. 529, 532, 173 A. 305, 307 (1934). The present action seeks to enforce the terms of the licensing agreement, according to which, upon termination of the agreement and demand by Cottman, defendant Lehwald, Inc., agreed to surrender its lease to Cottman. As such, it is not an in rem proceeding; thus, the doctrine of prior exclusive jurisdiction does not deprive this court of jurisdiction.

■ The alternative theory on the basis of which, arguably, this court should stay its hand derives from the language of *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Under *Colorado River,* a federal court may, under special circumstances, decline to entertain a case over which it has unquestioned jurisdiction for reasons of "wise judicial administration," primary among which is the benefit of avoiding duplicative litigation. *Id.* at 817, 96 S.Ct. at 1246. This sort of declination of jurisdiction—which may be

appropriately treated as a form of abstention [1]—offers no doctrinal support for the stay defendants seek.

The Supreme Court has on several occasions recognized "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" by the Constitution and by Congress. *Id.* at 817, 96 S.Ct. at 1246; *see also Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 15, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983). The Court has recognized narrow exceptions to this general principle where strong considerations of policy favor abstention. For example, where a court is presented with both federal constitutional issues and unsettled questions of state law, it is proper for the court to abstain until a state court has decided the state law issues. This process avoids unnecessary constitutional decisions, and allows the state court to resolve definitively the uncertain question of state law on which any prior federal decision would merely be predictive. *See Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Likewise, a federal court may abstain where a federal decision would disrupt a coherent state administrative structure on a matter of substantial public concern. *See Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

The policy favoring abstention in a *Colorado River* situation, where the federal court is asked to abstain merely because there is a similar action pending in state court, is much weaker. Despite the value of conserving scarce judicial resources and of promoting the comprehensive resolution of disputes within the framework of a single piece of litigation, the strength of the federal court's obligation to exercise the jurisdiction conferred upon it, combined with the absence of constitutional or strong federalism concerns, makes abstention for the avoidance of duplicative litigation proper only under exceptional circumstances. *See Colorado River,* 424 U.S. at 817–18, 96 S.Ct. at 1246. A court that is asked to defer to a state court for the purpose of avoiding duplicative litigation must make a careful examination of the circumstances surrounding the dual litigation to determine if, despite the general rule favoring the exercise of jurisdiction, abstention would be appropriate. *See Step–Saver Data Systems, Inc. v. Wyse Technology,* 912 F.2d 643, 654 n. 14 (3rd Cir.1990).

The Supreme Court has identified six factors for the district court to consider in deciding whether a stay is appropriate: (1) whether one court has first obtained jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the state and federal courts obtained jurisdiction; (5) the source of the law that will provide the rules of decision; and (6) the adequacy of the state court proceeding to protect the parties' rights. *See Moses H. Cone Memorial Hosp.,* 460 U.S. at 15–16, 25–26, 103 S.Ct. at 936–37, 941–42; *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246. This is not a "mechanical checklist," however; rather, the Court has emphasized that the final decision rests "on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hosp.,* 460 U.S. at 16, 103 S.Ct. at 937. Bearing this admonition in mind, I will proceed to analyze the factors identified by the Court.

### 1. Jurisdiction over property

As was previously discussed, this case does not involve application of the doctrine of prior exclusive jurisdiction. Nevertheless, it remains true that both the present action and the state court action seek resolution of the competing claims of the par-

---

**1.** The *Colorado River* Court distinguished the doctrine that it established from "abstention." *See Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246. Lower courts interpreting and applying *Colorado River,* however, have consistently treated the case as recognizing a form of abstention. *See, e.g., Fuller Co. v. Ramon I. Gil, Inc.,* 782 F.2d 306, 309 n. 3 (1st Cir.1986); *Signad, Inc. v. City of Sugar Land,* 753 F.2d 1338, 1339 (5th Cir.1985); *Cox v. Planning Dist. I Community Mental Health and Mental Retardation Services Bd.,* 669 F.2d 940, 941 (4th Cir.1982).

ties to a piece of real property that rests within the jurisdiction of the state court. Although this factor is not determinative, it does weigh in favor of abstention.

### 2. Inconvenience of the federal forum

At first glance, the federal forum appears to be far less convenient than the state forum for defendants, a Florida corporation and two Florida residents. By agreeing to a license containing a choice of forum clause that vests jurisdiction in the state courts of Pennsylvania, as well as this court, however, defendants have waived any objection to the inconvenience of the present forum. *See Ingersoll–Rand Fin. Corp. v. Callison*, 844 F.2d 133, 137 (3rd Cir.1988). Because defendants agreed to submit to the jurisdiction of this court, the second factor weighs in favor of the exercise of jurisdiction.

### 3. Desirability of avoiding piecemeal litigation

In *Colorado River*, the Supreme Court determined that the district court should have deferred to state proceedings because, *inter alia*, the state proceedings provided a comprehensive framework for the determination of water rights, while the federal proceeding offered the prospect only of resolving one particular claim, with the possibility that that resolution would be inconsistent with the more comprehensive state determination. *See Colorado River*, 424 U.S. at 819, 96 S.Ct. at 1247. In the present case, in contrast, the federal forum, not the state forum, provides the forum for a comprehensive determination of the rights of the parties. The sole issue before the state court is the right of plaintiff, as lessee, to take possession from defendants, as holdover tenants, of the property on which defendants had been operating their franchise. Indeed, the state court lacks jurisdiction to adjudicate the broader rights of the parties under the licensing agreement, because the licensing agreement vests sole jurisdiction in courts in Pennsylvania, including this court. Thus, piecemeal litigation cannot be avoided by a decision to abstain.

### 4. Order in which the courts obtained jurisdiction

Although this court has not been provided with a dated copy of the complaint filed in the Florida court, defendants contend, and plaintiff does not dispute, that the Florida action was initiated before the present action. The fourth factor thus weighs in favor of abstention.

### 5. Source of law

In *Moses H. Cone Memorial Hospital*, the Court stated that "the presence of federal-law issues must always be a major consideration weighing against surrender." *See Moses H. Cone Memorial Hosp.*, 460 U.S. at 26, 103 S.Ct. at 942. The fact that there are no issues of federal law in the present case, however, does not, by way of inverse reasoning, demand the conclusion that abstention is appropriate. First, there is no indication that the state-law issues raised in this case are particularly complex or unsettled; thus, there is no reason to question the relative competence of the federal court to adjudicate those issues. Indeed, the very existence of diversity jurisdiction rests on a presumption that federal courts are competent to decide questions of state law. Second, and perhaps more importantly, due to the existence of a choice of law clause in the licensing agreement, the issues of state law that govern this case are not issues of Florida law, but rather are issues of Pennsylvania law. Regardless of the extent to which it might be preferable to have a Pennsylvania court, rather than this court, decide questions of Pennsylvania law, this court should have an edge over a Florida court in resolving questions of Pennsylvania law. The fifth factor thus weighs in favor of the exercise of jurisdiction.

### 6. Adequacy of the state court proceeding to protect the parties' rights

In the present case, plaintiff seeks a comprehensive determination of its rights under a licensing agreement. In the Florida action, in contrast, plaintiff seeks only possession of real property; the relief

**924**

sought in counts II and III of its amended complaint in this action is nowhere mentioned in the Florida complaint. Nor could such relief be sought, because the licensing agreement contains a choice of forum clause restricting actions under the licensing agreement to courts in Pennsylvania, including this court. Thus, far from assuring protection of the parties' rights, a decision to abstain would delay, and perhaps even permanently foreclose, a resolution of the parties' rights under the licensing agreement. The sixth factor thus weighs strongly in favor of the exercise of jurisdiction.

Conclusion

■ *Colorado River* counsels that "[o]nly the clearest of justifications will warrant" abstention for reasons of "wise judicial administration." *Colorado River*, 424 U.S. at 819, 96 S.Ct. at 1247. Defendants have failed to suggest circumstances sufficiently compelling to justify abstention in this case. Of the six factors identified by the Supreme Court, only two favor abstention: the fact that jurisdiction over real property is implicated, and the fact that the Florida action was initiated before the present action. As to the first of these, if relief is called for, I believe that it will be possible to shape such relief in a manner that will avoid interference with the jurisdiction of the Florida court. As to the second, it must be weighed against the strict limitations that the choice of law and choice of forum clauses impose upon the Florida court. Although plaintiff initiated the Florida action as well as the present one, I am unwilling to conclude that by first proceeding in Florida court, plaintiff waived its rights under the licensing agreement, or agreed to hold those rights in abeyance during the pendency of the Florida action. The other four factors weigh in favor of the exercise of jurisdiction. On balance, I conclude that abstention is inappropriate in this case. I will therefore deny defendants' motion.