**Richard REIMAN, Appellant,**

v.

**Bromley SMITH; Kimberly H. Smith; Intercon Financial, Inc.; and IFMD Corp., Appellees.**

No. 92–7108.

United States Court of Appeals, District of Columbia Circuit.

Dec. 28, 1993.

Dwight D. Meier and Saul J. Singer, Washington, DC, were on the brief, for appellant.

Bromley K. Smith, Jr., and Kimberly H. Smith, pro se, were on the brief, for appellees.

Before WALD, BUCKLEY, and GINSBURG, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

Appellant Richard Reiman appeals from the district court's dismissal of his suit against Bromley and Kimberly Smith, husband and wife, and two corporations owned by the Smiths and their children. For the reasons outlined in this opinion, we reverse the ruling of the district court and remand this case for further proceedings.

## I. BACKGROUND

This case arises out of appellant Richard Reiman's attempts to collect a judgment from appellee Bromley K. Smith. Reiman sued Smith in Superior Court for the District of Columbia in 1983. At the core of that suit were his allegations that Smith had failed to pay him real estate brokerage commissions that were due. In early 1990, Reiman obtained a judgment against Smith and other defendants, jointly and severally, for $250,-000, as well as pre-judgment and post-judgment interest. That judgment was affirmed by the District of Columbia Court of Appeals in September 1992. No defendant posted bond in the case; thus, beginning in early 1990, Reiman began vigorously to pursue various avenues to collect on his judgment in the District of Columbia courts. Those efforts have apparently not met with success. *See* Smith Br. at 4.

Reiman filed this suit in the United States District Court for the District of Columbia in November 1990, after the D.C. Superior Court had entered judgment against Smith but prior to the time that the judgment was affirmed by the D.C. Court of Appeals. The suit was filed against Bromley Smith; his wife Kimberly Smith; Intercon Financial, a corporation wholly-owned by Mrs. Smith; and IFMD Corp., a corporation owned by the Smiths and their two children. In his final amended complaint, Reiman alleged that Bromley Smith was using the two corporations fraudulently to shelter his business in-

come from his creditors. Reiman thus argued that an accounting was warranted and, in reliance upon the doctrines of fraudulent conveyance and piercing the corporate veil, that the corporations' assets should be made available to satisfy his claim.

During the pendency of the district court proceedings, Reiman learned that the Smiths planned to move to Nairobi, Kenya. He petitioned the district court for the issuance of a writ of *ne exeat.* The writ was issued *ex parte* and Bromley Smith was apparently imprisoned overnight in order to prevent him from leaving the country. After the writ was vacated, the Smiths counter-claimed in the district court for over $1 million in actual and punitive damages for false imprisonment and intentional infliction of emotional distress.

On April 29, 1992 the district court issued an order to show cause why the case should not be dismissed without prejudice to renew in Superior Court. In that order, it stated:

> With the exception of the issuance of the Writ of Ne Exeat and Smith's counter-claim arising out of that decision, this entire case is the result of litigation that has been pursued for nearly a decade in the local forum and arises out of a dispute involving local parties and local issues. In fact, this action may be duplicative of litigation in the Superior Court and is, at the very least, impacted by decisions of both the Superior Court and the District of Columbia Court of Appeals. It is a waste of judicial resources and wholly inefficient to litigate nearly identical claims, which arose from the same series of events or transactions, in two fora.

*Reiman v. Smith,* No. 90–CV–2820, Show Cause Order at 3 (D.D.C. Apr. 29, 1992). On May 14, "in an effort to avoid 'piecemeal litigation' and to avoid circumventing or otherwise interfering with the lengthy, ongoing proceedings in the local forum," the district court dismissed the case without prejudice. *Reiman v. Smith,* No. 90–CV–2820, Order at 1 (D.D.C. May 14, 1992) (citing *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). Reiman now appeals from this order.

## II. ANALYSIS

Reiman's appeal challenges the power of the district court to dismiss a case over which it has jurisdiction. He focuses upon both whether the district court had the discretionary authority to dismiss the case and if so, whether it properly exercised its discretion in doing so.

In general, "[t]he rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762 (1910). Moreover, federal courts are generally assumed to have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). In spite of these general principles, however, the Supreme Court has recognized a number of circumstances in which a court may, in its discretion, decline to exercise its jurisdiction.

In *Colorado River,* the Court expressly noted for the first time that in addition to the traditional abstention doctrines, "principles ... of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" might justify a federal court's discretionary refusal to exercise its jurisdiction. *Id.* at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). It went on to suggest that factors such as the inconvenience of the federal forum, the order in which the courts assumed jurisdiction, and which court has jurisdiction of the res are all relevant to a district court's decision whether to abstain. *Id.* at 817–18, 96 S.Ct. at 1246–47. The Court also emphasized, however, that abstention in such circumstances is to be considered "exceptional" and that "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Id.* at 818–19, 96 S.Ct. at 1247.

The *Colorado River* test was expanded and clarified in *Moses H. Cohn Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), which was an action to collect on a construction contract. The hospital filed a declaratory judgment action in state court seeking a ruling that Mercury's claims were without factual or legal basis and that Mercury had no right under their contract to compel arbitration of the claims. *See* 460 U.S. at 7, 103 S.Ct. at 932. Shortly thereafter, Mercury sued the hospital in federal court and sought an order compelling the hospital to arbitrate their contract dispute pursuant to the Federal Arbitration Act. *See id.* The district court stayed the federal proceedings pending resolution of the state matter, but was ultimately reversed by the Supreme Court. Again noting that stay or dismissal of a case over which the court has jurisdiction must be regarded as exceptional, the Court wrote:

> [T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given any one factor may vary greatly from case to case, depending on the particular setting of the case.

*Id.* at 16, 103 S.Ct. at 937.

If nothing else, the above passage requires that a district court carefully analyze the situation before exercising its discretion to dismiss the case. As the Supreme Court noted later in the opinion, "to say that the district court has discretion is not to say that its decision is unreviewable; such discretion must be exercised under the relevant standard prescribed by this Court *viz. Colorado River*'s exceptional-circumstances test...." *Id.* at 19, 103 S.Ct. at 938, *see also Hoai v. Sun Refining & Marketing Co.*, 866 F.2d 1515, 1520 (D.C.Cir.1989) (noting that "the Supreme Court has clearly instructed that *Colorado River* may not be invoked as a means of getting rid of cases that properly belong in federal court").

For all that appears in the present case, a busy district court may have dismissed a case merely because the plaintiff had an adequate alternative forum. A citation to *Colorado River* and the invocation of such general considerations as avoiding a "waste of judicial resources" and "piecemeal litigation" does not satisfy the requirement of "careful balancing" laid down by the Court in *Moses H. Cohn. Cf., e.g., Johns v. Rozet*, 770 F.Supp. 11, 14–16 (D.D.C.1991) (balancing the *Colorado River* factors). Moreover, the district court in this case gave no obvious consideration to its "unflagging obligation" to exercise the jurisdiction it has been granted. As the First Circuit noted in the course of reversing a similar order:

> The order that we are reviewing shows no indication that the district court balanced the factors in favor of dismissal against its obligation to exercise jurisdiction. The only sign we have of the district court's basis for granting the stay reveals that it was chiefly concerned with the avoidance of piecemeal litigation.

*Burns v. Watler*, 931 F.2d 140, 146 (1st Cir. 1991).

As the First Circuit noted, while the district court has the obligation in the first instance to perform the required analysis, in a clear case an appellate court could perform the analysis on its own. *See id.* at 147. We believe, however, that in most cases—and particularly in a case such as this, in which abstention might in fact be justified—the better course is to remand the case to the district court for further analysis.

Assuming arguendo that this case is, as the district court said, nothing more than a proceeding to enforce a Superior Court judgment—a proceeding closely related to the plaintiff's attempt to enforce that same judgment in Superior Court—the district court might well be justified in abstaining. The suit had been before the District of Columbia courts for a long time. *See Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246–47 (noting that federal court may consider "the order in which jurisdiction was obtained by the federal forums"). The lack of a federal claim may also weigh in favor of abstention. *See Moses H. Cohn*, 460 U.S. at 23, 103 S.Ct. at 941 (noting that "the fact that federal law provides the rule of decision on the merits" is

important reason for exercising jurisdiction). Finally, although no court appears expressly to have addressed the question, if this is indeed an action "merely" to enforce a judgment, then that might also tend to justify abstention. *Cf. Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 13–14, 107 S.Ct. 1519, 1527–28, 95 L.Ed.2d 1 (1987) (holding that a state's interest in enforcing the judgments of its own courts generally requires a federal court to abstain from exercising its jurisdiction in a case brought to enjoin a state enforcement action on a federal ground). Resort to any of these reasons for abstention, however, would require more detailed analysis than the district court devoted to its decision to dismiss.

### III. CONCLUSION

For the foregoing reasons, we hold that the district court failed adequately to justify its dismissal of Richard Reiman's suit. Therefore, the case is remanded to the district court for further consideration of the *Colorado River* and *Moses H. Cohn* factors.

*So ordered.*