31 F.3d 1184
 1995 A.M.C. 263, 308 U.S.App.D.C. 177,
1994-2 Trade Cases P 70,684
 AMERICAN ASSOCIATION OF CRUISE PASSENGERS, Appellant,
v.
CUNARD LINE, LTD.; Carnival Cruise Lines, Inc.; Princess
Cruises Company, also Known as Princess Cruises; P & O,
Inc., also Known as Princess Cruises; Paquet Cruises, Inc.;
Ocean Cruise Line, Inc.; Sitmar Cruises, Inc.; Marriott
Corporation, also Known as Sun Line Cruises; Royal
Caribbean Cruise Line, Inc.; Regency Cruises, Inc.; Cruise
Lines International Association; American Society of Travel
Agents, Inc., Appellees.
 No. 92-7168.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Dec. 13, 1993.
Decided Aug. 16, 1994.
As Amended Nov. 3, 1994.
 
 Appeal from the United States District Court for the District of Columbia. (86cv00571).
 Stephen L. Snyder, Baltimore, MD, argued the cause, for appellant. With him on the brief were Sheldon N. Jacobs and Amy B. Chappell, Baltimore, MD.
 J. Michael Cavanaugh, Washington, DC, argued the cause for appellees. With him on the brief were Dewey Ballantine, Saul P. Morgenstern, Jill D. Bicks, New York City, Burton A. Schwald, Edward Schmeltzer, Phillip H. Rudolph, and David L. Roll, Washington, DC. Arnold B. Calmann, Newark, NJ, Mark E. Warren, Mary B. Denison, and Deana F. Dudley, Washington, DC, entered appearances.
 Before GINSBURG and RANDOLPH, Circuit Judges, and WILL, Senior District Judge.*
 Opinion for the Court filed by Circuit Judge GINSBURG.
 GINSBURG, Circuit Judge:
 
 
 1
 The American Association of Cruise Passengers appeals from the district court's order dismissing without prejudice its antitrust suit against the defendant cruise lines on the ground that the claims within the jurisdiction of the Federal Maritime Commission predominate over the claims within the court's Clayton Act jurisdiction. Because predominance is not the relevant standard, nor dismissal the appropriate response, we remand this matter for the district court to reinstate the suit insofar as it concerns non-common carriage.
 
 I. BACKGROUND
 
 2
 In 1986 the AACP, a travel agency, sued a number of cruise lines and their two trade associations, alleging that the cruise lines had boycotted the plaintiff in violation of the federal and Maryland antitrust laws. The defendants moved to dismiss the case, asserting that a cruise line is a "common carrier" within the meaning of the Shipping Act of 1984, 46 U.S.C.App. Sec. 1702(6), and that any agreement among cruise lines is therefore subject to the exclusive jurisdiction of the FMC. The district court dismissed defendant Cunard Line, holding that it is a common carrier, but denied the motion as to the other defendants on the ground that they are not common carriers.
 
 
 3
 The remaining defendants filed an interlocutory appeal pursuant to 28 U.S.C.App. Sec. 1292, and this court reversed the district court's decision that they are not common carriers. See American Association of Cruise Passengers v. Carnival Cruise Lines, Inc. ("Cruise Passengers I"), 911 F.2d 786 (D.C.Cir.1990). We held that a cruise line is a "common carrier" within the meaning of the Shipping Act of 1984 only to the extent that it operates between a United States port and a foreign port; "insofar as it travels only between foreign ports," it is not operating as a common carrier. Id. at 792. We therefore concluded that "[t]o the extent that a cruise line is a common carrier, but to that extent only, a boycott agreement to which cruise lines are parties is subject to the prohibitions and procedures of the Shipping Act, rather than to those of the Clayton Act." Id.
 
 
 4
 We remanded the case to the district court for further proceedings on the claim(s) within its jurisdiction under the Clayton Act. Recognizing that our decision "may potentially result in some parallel litigation" in the court and before the FMC, we left it to the district court "to consider whether, when the FMC has jurisdiction over some aspect of an agreement in suit before the court, there is a mechanism that would enable it to avoid proceedings duplicative of those before the Commission." Id. at 792, 793.
 
 
 5
 On remand the district court dismissed the case in its entirety. "The Court of Appeals," it said, "simply did not contemplate an all-or-nothing exercise of jurisdiction in situations where it is alleged that a boycott involving common and non-common carriage exists." Asserting that "here common carriage activity predominates the alleged agreement," the district court dismissed the suit "without prejudice in order to permit proceedings before the only body--the FMC--that may exercise jurisdiction over common carriage aspects of an alleged boycott agreement." American Association of Cruise Passengers v. Carnival Cruise Lines, No. 86-571, 1992 WL 314092 (D.D.C. July 21, 1992). The AACP appeals to this court.
 
 II. ANALYSIS
 
 6
 The district court's order dismissing this suit was based upon its assertion that the aspects of the suit over which it has no jurisdiction "predominate" over the aspects of the suit over which it has exclusive jurisdiction, and upon the court's belief that dismissal would result in a more efficient use of its resources. As we recently noted, however, the "federal courts are generally assumed to have a 'virtually unflagging obligation ... to exercise the jurisdiction given them.' " Reiman v. Smith, 12 F.3d 222, 223 (D.C.Cir.1993) (quoting Colorado River Water Conservation District v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976)) (omission in original). To be sure, the inefficiency of parallel or overlapping litigation should be minimized, but that is not a warrant for denying a suitor the access to court that the Congress gave it.
 
 
 7
 Having in mind both the district court's obligatory jurisdiction and our decision in Cruise Passengers I, the AACP's suit must be understood to consist of two distinct claims: one, which pertains only to the defendant cruise lines' common carriage operations, alleges that they violated the Shipping Act; the other, which pertains only to the defendants' non-common carriage operations, alleges that they violated the Clayton Act, 15 U.S.C. Secs. 15, 26 (and the analogous provisions of Maryland law). Although there are issues of fact common to both claims, the claims are nonetheless legally distinct, and must be brought in separate fora--the FMC and the district court respectively. Hence, the district court ought presumptively to have retained jurisdiction over the Clayton Act claims involving non-common carriage.
 
 
 8
 There is an exception to this general rule which the district court did not specifically mention but which it must have had in mind. A district court may dismiss a suit "on the ground that [an agency] has primary jurisdiction [over it], i.e., that [the agency] is best suited to make the initial decision on the issues in dispute, even though the district court has subject matter jurisdiction." Allnet Communication Service, Inc. v. National Exchange Carrier Association, Inc., 965 F.2d 1118, 1120 (D.C.Cir.1992). This doctrine is rooted in the teaching that "in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over." Far East Conference v. United States, 342 U.S. 570, 574, 72 S.Ct. 492, 494, 96 L.Ed. 576 (1952); see also Allnet Communication, 965 F.2d at 1120 ("The primary jurisdiction doctrine rests both on a concern for uniform outcomes (which may be defeated if disparate courts resolve regulatory issues inconsistently) and on the advantages of allowing an agency to apply its expert judgment") (citations omitted).
 
 
 9
 This is not a case that implicates the primary jurisdiction of the FMC, however. There are common issues of fact between the two claims (e.g., whether the defendants boycotted the plaintiff), but there are no common regulatory issues. The Congress applied two different legal regimes to common and non-common carriers, involving not only different fora but distinctly different remedies for a violation. Compare 46 U.S.C.App. Sec. 1710(g) (permitting FMC to award up to double damages for violation of Shipping Act) and id. Sec. 1710(h)(2) (permitting private party to petition district court to enjoin conduct in violation of Shipping Act during pendency of FMC proceedings) with 15 U.S.C. Sec. 15 (requiring court to award treble damages for violation of Clayton Act) and id. Sec. 26 (permitting court to enjoin future violation of Clayton Act). As we noted in Cruise Passengers I, the relationship between these two regimes does not involve:
 
 
 10
 the sort of jurisdictional overlap that the Congress sought to avoid when it passed the Shipping Act. Instead, the Congress was concerned about a carrier being subject to 'parallel jurisdiction,' i.e., remedies and sanctions for the same conduct made unlawful by both the Shipping Act and the antitrust laws.
 
 
 11
 911 F.2d at 792 (emphasis added). Because common and non-common carriage are distinct activities, there is no chance that a cruise line will be subject to different regulations and different sanctions for the same act. (An agreement to boycott the AACP with respect to common carriage is not the same as an agreement to do so with respect to non-common carriage, although of course one agreement may cover both.) Whether disparate legal treatment of the alleged boycott(s) is unwise from a policy perspective is not our concern; nor is the possibility that the boycott might be found illegal in one context but legal in the other a sufficient reason to dismiss the putative victim's suit. In addition, enforcement of the antitrust laws against a regulated industry insofar as it steps outside the regulated domain is part of the work-a-day world of the district court. See, e.g., Barnes v. Arden Mayfair, Inc., 759 F.2d 676, 679 (9th Cir.1985) ("There is no per se exemption [from antitrust law] for activities of carriers beyond the control of the [regulatory] agency") (citing Georgia v. Pennsylvania Railroad Co., 324 U.S. 439, 456, 65 S.Ct. 716, 725, 89 L.Ed. 1051 (1945)); American Telephone & Telegraph Co. v. Eastern Pay Phones, Inc., 767 F.Supp. 1335, 1343 (E.D.Va.1991) ("Antitrust concerns are within the usual province of the Court and require no special regulatory expertise"). Therefore, the district court ought to have retained jurisdiction over that part of the suit within its exclusive jurisdiction.
 
 
 12
 Even were it not so clear that the doctrine of primary jurisdiction is inapplicable to this case, we would still be hesitant to see the case dismissed in its entirety. In general, when primary jurisdiction lies with an administrative agency, the district court should stay the proceedings in front of it, not dismiss the suit. See, e.g., Reiter v. Cooper, --- U.S. ----, ----, 113 S.Ct. 1213, 1220, 122 L.Ed.2d 604 (1993). Moreover, in this case in particular, the AACP notes that a new suit filed against the cruise lines after the completion of proceedings before the FMC might be barred by the Clayton Act statute of limitations. If so, then dismissal would have too harsh a consequence to impose upon the plaintiff merely because the FMC has jurisdiction over a distinct part of its suit, particularly where the district court could effortlessly hold the suit in abeyance pending the outcome of proceedings before the FMC. See Carnation Co. v. Pacific Westbound Conference, 383 U.S. 213, 222-23, 86 S.Ct. 781, 787, 15 L.Ed.2d 709 (1966) (holding that dismissal under primary jurisdiction doctrine is not appropriate if "dismissal would ... prejudice the plaintiff's right to obtain antitrust relief at the appropriate time"). Further, the AACP informed the district court that in light of our earlier decision requiring it to proceed in two fora, it would likely not pursue any of its claims respecting the common carriage operations of the cruise lines and would instead pursue only its Clayton Act claims in the district court. The district court should certainly have explored that possibility, which would have left before it only a claim unarguably within its exclusive and obligatory jurisdiction.
 
 III. CONCLUSION
 
 13
 To sum up, in Cruise Passengers I, we held that the district court has jurisdiction over the non-common carriage claims brought by the plaintiff AACP. Today we hold that the doctrine of primary jurisdiction being inapplicable, the district court must exercise that jurisdiction. We observe that even where a court could justifiably stay its hand for proceedings to go forward before the agency with primary jurisdiction, it should hold the suit in abeyance if outright dismissal could impair the rights of a party.
 
 
 14
 Accordingly, we remand this case to the district court for further proceedings not inconsistent with this opinion. The order of the district court dismissing the suit is
 
 
 15
 Reversed.
 
 
 
 *
 Of the United States District Court for the Northern District of Illinois, sitting by designation pursuant to 28 U.S.C. Sec. 294(d)