Eileen SHEEHAN, Plaintiff,

v.

Joseph H. KOONZ, Jr., Defendant.

No. Civ.A. 98–1153(EGS).

United States District Court,
District of Columbia.

Aug. 31, 1999.

Paul H. Zukerberg, Washington, DC, for plaintiff.

Dwight D. Murray, Jordan, Coyne & Savits, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

SULLIVAN, District Judge.

### FACTUAL BACKGROUND

Plaintiff, Eileen Sheehan, individually, and as personal representative of the es-

tate of her deceased mother, Aileen Sheehan, commenced this action against her former attorney, Joseph H. Koonz, Jr., for negligence, legal malpractice, and breach of contract during his representation of plaintiff in a medical malpractice suit. After completing some preliminary discovery of defendant Koonz and one of his law partners, plaintiff sought leave to amend the complaint to allege counts of fraud, deceit, and misrepresentation in connection with defendant's representation. The Court denied plaintiff's Motion for Leave to File an Amended Complaint without prejudice to refiling the motion after additional discovery. Plaintiff now claims that subsequent investigation indicates that defendant Koonz engaged in prior acts of fraud, deceit, and misrepresentation and that defendant and some of his law partners allegedly conspired to hide past and present unethical conduct from plaintiff and the Court.

On June 10, 1999, plaintiff filed a lawsuit in the Superior Court of the District of Columbia that names defendant and eleven additional parties, including nine attorneys who were partners in defendant's law firm at the time he represented plaintiff. The lawsuit alleges, *inter alia,* nine counts of fraud, deceit, misrepresentation, and conspiracy. On June 18, 1999, this Court issued an Order to Show Cause why this case should not be dismissed without prejudice in light of the recently filed lawsuit in the Superior Court of the District of Columbia. Plaintiff responded by stating that the joinder of indispensable and necessary parties would destroy the diversity that provided this Court with subject matter jurisdiction. Moreover, plaintiff also stated that the discovery that has proceeded has been minimal and that no prejudice to either party would result from dismissal without prejudice of this case. Defendant opposes a stay or dismissal on the ground that plaintiff has not demonstrated the exceptional circumstances required by the Supreme Court in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483

(1976) [hereinafter *Colorado River* ], and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) [hereinafter *Moses H. Cone* ]. Defendant's arguments are not persuasive.

### *DISCUSSION*

#### I. *Federal Jurisdiction*

■ Acting pursuant to its power under Article III of the United States Constitution, Congress has mandated that federal district courts shall have original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a). As a general rule, federal district courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236. The Supreme Court has emphasized that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* (citations omitted).

#### II. *Abstention*

■ Despite the district court's obligation to exercise jurisdiction, the Supreme Court has, however, articulated five exceptions where a court can abstain from jurisdiction: first, "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law," *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 189, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959); *see also Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); second, in cases "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar," *Colorado River,* 424 U.S. at 814, 96 S.Ct. 1236; *see also Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25, 79

S.Ct. 1070, 3 L.Ed.2d 1058 (1959); third, in cases whose resolution could lead to needless interference in complex state administrative procedures, *see Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); fourth, in cases where the federal court's resolution would interfere with the pending state criminal prosecutions, *see Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); and finally, in cases such as the one at bar, where resolution of a similar action pending between the parties in state court may effectively resolve the dispute between the parties. *See Colorado River*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483.

III. *Colorado River Abstention*

In contrast to the other four types of abstention, *Colorado River* abstention is not based upon "considerations of proper constitutional adjudication and regard for federal-state relations," but on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236 (citations omitted). Given the district court's obligation to exercise its jurisdiction and the absence of these weightier considerations, the situations that are appropriate for dismissal "for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." *Id.* at 818, 96 S.Ct. 1236. In determining whether a case is appropriate for *Colorado River* abstention, the court should not look for substantial reasons to exercise jurisdiction. Rather, "the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone*, 460 U.S. at 25–26, 103 S.Ct. 927; *see also Hoai v. Sun Refining & Marketing Co.*, 866 F.2d 1515, 1518, 1520–21 (D.C.Cir. 1989) (discussing circumstances justifying stay or dismissal of federal cases because of concurrent state proceedings).

The Supreme Court has articulated six factors that a district court must consider in deciding whether the circumstances of a particular case are exceptional: (1) whether one court has first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; *see Colorado River*, 424 U.S. at 818, 96 S.Ct. 1236; (5) the source of the law that will provide the rules of the decision; and (6) the adequacy of the state court proceeding to protect the rights of the parties. *See Moses H. Cone*, 460 U.S. at 24–26, 103 S.Ct. 927. A district court's analysis of the above factors should not be mechanical, but rather the district court should carefully balance the factors that apply to the given case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* at 16, 103 S.Ct. 927. In addition, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. 1236; *see also Reiman v. Smith*, 12 F.3d 222, 224 (D.C.Cir.1993) (citing *Johns v. Rozet*, 770 F.Supp. 11 (D.D.C.1991) as an example of a case that properly engaged in balancing the *Colorado River* factors)).

A. *Jurisdiction Over Property and Convenience of the Fora*

In applying the *Colorado River* factors to the facts of this case, the Court can deal with two of the factors expeditiously. Because this case does not involve jurisdiction over property, the first factor does not weigh in favor of or against abstention. Next, because both the state and federal claims are pending in the District of Columbia, the second factor is also neutral.

B. *Avoidance of Piecemeal Litigation*

The Court finds that the third factor, the avoidance of piecemeal litigation,

weighs in favor of abstention. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Travelers Indemnity Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir.1990) (citations omitted).[1] In the instant case, plaintiff has filed a lawsuit against defendant for legal malpractice during his representation of her in a medical malpractice suit. Plaintiff now claims that subsequent investigation indicates that defendant Koonz engaged in prior acts of fraud, deceit, and misrepresentation and that he and some of his law partners allegedly conspired to hide illegally the past and present unethical conduct from plaintiff and the Court.

In the Superior Court action, plaintiff is suing defendant and nine attorneys who were partners in defendant's firm at the time of his representation of plaintiff. Plaintiff claims that based on previously conducted discovery, defendant's "law firm and law partners knew that defendant Koonz had committed prior acts involving fraud, deceit, misrepresentation, conversion of funds, and/or other unethical acts involving moral turpitude, and otherwise seriously violat[ed] his fiduciary duties owed to his own clients, and the judicial system, and *did absolutely nothing about it.*" Pl. Eileen Sheehan's Reply to Def. Koonz's Opp'n to Stay or Dismissal Without Prejudice at 3. Plaintiff believes that "it was the official policy of the Koonz law firm to allow defendant Koonz to continue to victimize clients, courts, and insurance companies, and then to interpose an attorney/client privilege objection should Koonz's acts of fraud and conversion be questioned in legitimate discovery inquiries." *Id.* at 4.

The Court finds the facts of this case to be distinguishable from the seeming majority of cases in which the defendant seeks to dismiss or stay the federal action. *See, e.g., Holman v. Cook*, 879 F.Supp. 113 (D.D.C.1995) (defendants moved to dismiss class action suit brought by insurers); *Brinco Mining Ltd. v. Federal Insurance Co.*, 552 F.Supp. 1233 (D.D.C.1982) (insurer moved to dismiss declaratory judgment brought by asbestos manufacturer). *But see Hastings v. Alexis*, Civ. A. No. 89–3346–LFO, 1990 WL 91587 (D.D.C. June 19, 1990) (discussing plaintiff's failure to demonstrate the exceptional circumstances necessary to warrant dismissal). Here, plaintiff seeks to dismiss the instant case and has brought a suit in Superior Court against defendant, alleging claims identical to the ones pending in federal court, and also against defendant's present and former law firm partners, alleging additional claims of fraud. Some courts have distinguished between the problems created by piecemeal adjudication and the mere duplication of proceedings, giving the most weight to this factor when piecemeal litigation could severely prejudice one of the parties. *See, e.g., Reiman v. Smith*, 12 F.3d at 224 (pointing out that the district court's mere citation of its concern with the avoidance of piecemeal litigation without balancing the factors in favor of dismissal against its obligation to exercise jurisdiction is insufficient to justify a stay or dismissal); *Rojas–Hernandez v. Puerto Rico Electric Power Auth.*, 925 F.2d 492, 496–97 (1st Cir.1991) (holding that because inconsistent results would unlikely lead to further litigation, the possibility of piecemeal adjudication did not justify surrender of federal jurisdiction).

1. The Supreme Court considered the avoidance of piecemeal litigation to be important in *Colorado River* because the litigation involved "a federal statute under which Congress had explicitly recognized the availability of state systems for the adjudication of water rights and had expressed a strong policy favoring resolution of those rights in a single, compre-

hensive forum." *Hoai v. Sun Refining & Marketing Co.*, 866 F.2d 1515, 1520 (D.C.Cir. 1989). Although no such policy is implicated in this case, the Court finds that the concurrent issues involve more than a simple desire by this Court to resolve all issues involving related facts.

Especially in light of the fact that this case is one sounding in legal malpractice, where plaintiff must prove a case within a case, the proceedings in Superior Court are indubitably more comprehensive than and "inextricably intertwined and inseparable" from the proceedings before this Court. Moreover, the Court finds that defendant would be prejudiced by having litigation proceed against him solely in this court and that his rights would be better protected by having all of the issues resolved by one court-the Superior Court.

### C. Order of Jurisdiction

The fourth factor, the order in which courts obtained jurisdiction, weighs against abstention. Plaintiff filed her complaint in this Court on May 7, 1998, and brought her case in Superior Court on June 10, 1999. The Supreme Court has made clear that the focus of this factor is not only the timing of the filing of the complaint but also the progress that has been made in each case. *See Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. 927. Considering that plaintiff brought the federal case first and has conducted some discovery, albeit limited, the Court finds that this factor weighs against abstention.

### D. Source of Law

The fifth factor focuses on the source of law that provides the rule of decision in the case. Plaintiff argues that her case is founded solely on diversity and that because no federal law issues exist, this factor weighs in favor of abstention. This argument is not persuasive. The Court in *Cottman Transmission Systems v. Lehwald, Inc.,* 774 F.Supp. 919 (E.D.Pa.1991), stated it best in saying that:

> The fact that there are no issues of federal law in the present case ... does not, by way of inverse reasoning, demand the conclusion that abstention is appropriate.... [T]here is no indication that the state-law issues raised in this case are particularly complex or unsettled; thus, there is no reason to question

the relative competence of the federal court to adjudicate those issues. Indeed, the very existence of diversity jurisdiction rests on a presumption that federal courts are competent to decide questions of state law.

*Id.* at 923; *see also Johns v. Rozet,* 770 F.Supp. at 16 (noting that where state law issues predominate, the source of law is of diminished importance). Accordingly, the fifth factor weighs against abstention.

### E. Adequacy of State Court to Protect Rights

The last factor, which is concerned with the adequacy of the Superior Court to protect the rights of the parties, weighs in favor of abstention. In light of the more comprehensive nature of the Superior Court proceedings and the destruction of complete diversity if necessary and indispensable parties were joined in this proceeding, the parties' rights can be protected only through the litigation in Superior Court. Arguably, if plaintiff had known prior to commencing the instant lawsuit that defendant's law partners were allegedly involved in defendant's alleged fraudulent activity, she could not have commenced her lawsuit in this Court. Therefore, this factor is of extreme importance and weighs in favor of abstention.

### F. Forum Shopping

Defendant also accuses plaintiff of attempting to avoid her failures through forum shopping. *See* Def.'s Resp. to Court's Order to Show Cause at 3. Defendant cites a pair of Ninth Circuit cases for the proposition that "[i]f there is any doubt as to whether forum shopping exists or whether any other factor considered in the analysis under *Colorado River* doctrine has been effectively demonstrated, then all doubts should be resolved against the stay." *Id.* (citing *Travelers Indem. Co. v. Madonna Construction Company,* 914 F.2d 1364, 1369 (9th Cir.1990)). In *Madonna,* however, the Ninth Circuit found no evidence of

forum shopping that would have been considered improper in the *Colorado River* context and determined this factor to be neutral. Similarly, because defendant has provided this Court with no evidence of forum shopping, the Court finds that this factor is neutral with respect to *Colorado River* abstention.

### G. *The Balance*

To determine whether a stay or dismissal is warranted, the relevant factors must be balanced, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. 927. In this case the factors that weigh in favor of dismissal are quite significant. The Court finds that the avoidance of the inevitable piecemeal litigation and the protection of the parties rights favor abstention of jurisdiction and dismissal of the present case without prejudice. Arguably, if plaintiff had known prior to commencing this lawsuit that defendant's law firm partners were somehow involved in defendant's alleged fraudulent activity, then she clearly could not have brought this lawsuit in District Court.

### CONCLUSION

For the foregoing reasons, the Court finds that exceptional circumstances exist and that *Colorado River* abstention is appropriate. Therefore, the Court dismisses the above-captioned case without prejudice to proceedings in the Superior Court of the District of Columbia.

### ORDER

Upon consideration of the parties' responses to the Court's Order to Show Cause, it is hereby

**ORDERED** that the above-captioned case is **DISMISSED WITHOUT PREJUDICE;** and it is

**FURTHER ORDERED** that defendant's motion for attorney fees and costs [89–1 & 89–2] is **DENIED.** The Court will address this issue once final judgment is entered in Superior Court.