UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RONALD K. WATKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-cv-00198 (APM)** |
| | ) | |
| **MURIEL BOWSER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

The substance of Plaintiff Ronald K. Watkins's suit is hard to decipher. So far as the court can tell, he seeks to enforce a judgment that he secured in the D.C. courts against the District of Columbia nearly 20 years ago. *See* Compl., ECF No. 1, at 2 (referencing the court's "enforcement" jurisdiction and citing *Watkins v. District of Columbia*, 944 A.2d 1077 (D.C. 2008)). Even if the court has jurisdiction over this matter, the better course is to abstain from exercising it. *See Reiman v. Smith*, 12 F.3d 222, 225 (D.C. Cir. 1993) (observing that "if this is indeed an action 'merely' to enforce a judgment [of the D.C. Superior Court], then that might also tend to justify abstention"). Plaintiff's underlying suit was filed in the D.C. Superior Court over two decades ago, *see Watkins*, 944 A.2d at 1079, and the award in his favor on a D.C. statutory law claim was affirmed by the D.C. Court of Appeals, *see id.* (noting claim under the D.C. Whistleblower Protection Act). In this case, he advances no discernable federal claim. *See generally* Compl. For these reasons, abstaining and dismissing this action is warranted. *See Reiman*, 12 F.3d at 224–25.

A final, appealable order accompanies this Memorandum Opinion.

Dated:  February 19, 2026

Amit P. Mehta
United States District Judge