David C. ABRAMSON, Plaintiff,

v.

Donald K. WALLACE, Defendant.

Civ. A. No. 88–1342.

United States District Court,
District of Columbia.

Jan. 30, 1989.

Lewis J. Paper, Keck, Mahin & Cate, Washington, D.C., for plaintiff.

Scott David Godshall, Washington, D.C., for defendant.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

In this action filed May 17, 1988, plaintiff, David C. Abramson, alleges that he and defendant, Donald K. Wallace, entered into an oral contract in September, 1982 under which Wallace would develop certain computer programs to be used by healthcare facilities in exchange for a $3,000 monthly salary. *Complaint* ¶ 8. Plaintiff claims the parties did not specify a date by which the computer programs were to be developed, but that between September 1982 and March 1984 plaintiff paid defendant $54,500 pursuant to the oral contract plus $5,500 in related expenses. *Complaint* ¶ 9. He asserts that he first learned of defendant's breach of the contract sometime after December 23, 1985 when he discovered that defendant had developed the computer program, but that the program had been erased or lost while in storage at a computer facility at George Washington University in the District of Columbia. *Complaint* ¶ 13. Plaintiff also alleges that he made two personal loans to Wallace; one in April 1984 for $3,000 and another in October 1984 for $4,000. Presently before us is defendant's Motion to Dismiss which asserts that the court lacks *in personam* jurisdiction, and that plaintiff's claims are time barred.[1]

---

1. Defendant also moves to dismiss the complaint for insufficiency of process because he was served outside of the District of Columbia at his home in Fort Washington, Maryland. For service of process to be proper it must be authorized by statute and be within the limits set by the due process clause of the Constitution. *Founding Church of Scientology v. Verlag*, 536 F.2d 429, 432 (D.C.Cir.1976). District of Columbia Code § 13–424 authorizes service of process outside the District of Columbia if the court has personal jurisdiction over a defendant under the District of Columbia long-arm statute. Therefore, the court's only inquiry is whether either long-arm statute provision relied upon by plaintiff confers personal jurisdiction over defendant Wallace. See discussion *infra*.

## 1. PERSONAL JURISDICTION

■ Plaintiff relies on two provisions of the District of Columbia long-arm statute, D.C.Code §§ 13–423(a)(1) and 423(a)(3), to support his claim of personal jurisdiction over the defendant. Section 13–423(a)(1) permits a District of Columbia court to exercise personal jurisdiction over a person "as to a claim for relief arising from the person's transacting any business in the District of Columbia." The "transacting any business" provision of the long-arm statute has been held to be coextensive with due process. *See Reiman v. First Union Real Estate Equity & Mortgage Investments*, 614 F.Supp. 255, 256 (D.D.C. 1985); *Mouzavires v. Baxter*, 434 A.2d 988, 992 (D.C.App.1981) (*en banc*) (*per curiam*), *cert. denied*, 455 U.S. 1006, 102 S.Ct. 1643, 71 L.Ed.2d 875 (1982). Our inquiry on this issue, therefore, is limited to whether defendant had "minimum contacts" with the District such that our exercise of *in personam* jurisdiction would not offend the "traditional notions of fair play and substantial justice," the due process standard announced in *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

Abramson claims that Wallace transacted business in the District of Columbia because the oral contract at issue was negotiated in the District; business discussions pertaining to the progress of the programs' development took place in the District; the contract was partly performed in the District in that the program was developed in District of Columbia computer facilities; and the agreement contemplated the sale of the computer programs to hospital facilities in the District.[2] Defendant contends that these allegations are insufficient to confer jurisdiction. However, the conduct of negotiating, performing, or soliciting business contracts within the District has been held to qualify as "transacting business" for the purposes of the District's long-arm statute. *See Reiman v. First Union Real Estate Equity & Mortgage Investments*, 614 F.Supp. 255, 258 (D.D.C. 1985). This standard, in conjunction with the requirement that on a motion to dismiss a court must view the jurisdictional allegations in the light most favorable to the non-movant, *see id.* at 259, permits us to conclude that the court may properly exercise jurisdiction over defendant under the District of Columbia long-arm statute 13–423(a)(1).[3] In doing so, we recognize that to defeat this motion to dismiss based on lack of personal jurisdiction plaintiff had only a minimal burden. *See Welsh v. Gibbs*, 631 F.2d 436 (6th Cir.1980).

## 2. THE STATUTE OF LIMITATIONS

■ Wallace also contends that plaintiff's claims are barred under the District of Columbia three year statute of limitations governing all of the claims in this action. *See* D.C.Code § 12–301. He specifically claims that all five counts of the complaint are barred by the statute of limitations because these claims would have "accrued" no later than December 1984, the date that Dr. Abramson terminated a separate agreement he had with Wallace to purchase health care facilities, and which is the subject of a separate lawsuit. Abramson contends that because the complaint alleges Wallace did not provide Abramson with a specific date by which the programs would be available, and because he never terminated his agreement with Wallace to develop the programs nor became privy to any information that Wallace had breached the agreement to develop the program prior to December 1985, the statute of limitations has not expired. We agree. At this time there is nothing in the record that proves that the breach of this oral agreement occurred more than three years prior to the date this suit was filed, May 17, 1985, or that Abramson knew that the

---

2. Many of the allegations are contained in plaintiff's attached affidavit. For purposes of this motion, we consider them as part of the complaint without requiring plaintiff to file an amended complaint.

3. Because we find that jurisdiction was properly exercised under D.C.Code § 13–423(a)(1), it is unnecessary for us to determine whether the alternate long-arm provision (tortious injury) relied upon by plaintiff confers personal jurisdiction.

breach had occurred, but failed to take the appropriate action within that same time period. We are left with only conjecture, decline to draw the inference suggested by defendant, and, therefore, deny defendant's motion to dismiss.[4]

Accordingly, for the reasons stated above, it is this 27th day of January, 1989

ORDERED that defendant's motion is denied.

---

**4.** Moreover, as defendant has asserted previously and we have agreed, the contract to purchase health care facilities was an entirely separate matter. *See* Mem.Opinion, 85–4039, December 2, 1988 (denying Abramson's Motion to Consolidate). Defendant cannot have it both ways. He cannot assert on the one hand that there is not a single legal or factual connection between the two agreements, *see* Defendant's Opposition to Motion to Consolidate at 5–6, yet on the other hand maintain that Abramson was put on notice of the alleged breach, thereby triggering the statute of limitations, when Abramson terminated the contract to purchase the health care facilities.