David M. HOLMAN, et al., Plaintiffs,

v.

J. Michael COOK, Defendant.

Civ. A. No. 94–1350 (JR).

United States District Court,
District of Columbia.

Feb. 27, 1995.

**114**

Janet C. McDavid, Hogan & Hartson, Washington, DC, for plaintiffs.

Adam D. Hirsh, Washington, DC, for defendant.

### MEMORANDUM OPINION AND ORDER

ROBERTSON, District Judge.

This insurance coverage dispute is before the court upon defendant's motion to dismiss or stay. Plaintiffs are London-based insurers. Defendant J. Michael Cook is senior partner and chief executive officer of the accounting firm of Deloitte & Touche (Deloitte), an unincorporated association. He is sued individually and as representative of a defendant class consisting of all the partners of Deloitte. Defendant asserts that this court has neither *in personam* nor subject matter jurisdiction.

In 1993, Deloitte became obligated to pay $312 million in settlement of claims brought against it by the United States government. Deloitte turned to its insurers for indemnity payments and made demands upon these plaintiffs in the approximate total amount of $965,000. Plaintiffs contested coverage. They brought suit for declaratory judgment on April 14, 1994, in the United States District Court for the Northern District of Illinois, but dismissed that action pursuant to F.R.Civ.P. 41(a)(1) after Deloitte moved to dismiss for lack of diversity jurisdiction. On May 23, 1994, Deloitte became the plaintiffs, filing suit against the insurers in Superior Court for the State of California for San Francisco[1] asserting breach of contract and other state law claims. The insurers then brought the present action for declaratory

judgment against Mr. Cook as representative of the defendant class on June 17, 1994.

*Subject Matter Jurisdiction*

■ There is no serious dispute about the technical validity of using a Rule 23.2 defendant class to achieve diversity jurisdiction over an unincorporated association in the District of Columbia. *See National Bank of Washington v. Mallery,* 669 F.Supp. 22 (D.D.C.1987). Defendant contends, however, that the court should apply Justice Frankfurter's dictum in *Brillhart v. Excess Insurance Co. of America,* 316 U.S. 491, 495, 62 S.Ct. 1173, 1175–76, 86 L.Ed. 1620 (1942), and abstain. In *Brillhart,* Justice Frankfurter observed:

> "Ordinarily it would be uneconomical as well vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of state litigation should be avoided."

A number of courts have considered whether there is anything left of the so-called *Brillhart* presumption after *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Although there is no controlling decision in this Circuit, the careful opinion of Judge Oberdorfer in *Maryland Casualty Insurance Co. v. Newpark Towers Associates,* 1990 WL 183603, 1990 U.S.Dist. LEXIS 15317, is persuasive support for continued application of the *Brillhart* presumption. The problem in this case is that such application produces little effect: *Brillhart* teaches that abstention is preferred if a dispute can be "better settled" in the state court (for any of several procedural reasons), but here the entire dispute can be resolved by either court. A more meaningful test, considering the facts of this case, is provided by the *Colorado River* case, 424 U.S. at 814–816, 96 S.Ct. at 1244–46. There the court suggests that a federal district judge confronted with a parallel state proceeding pay attention to considerations of "[w]ise judicial administra-

---

1. Columbia S & L, one of the two entities whose insolvencies gave rise to the Deloitte claim against these insurers, is headquartered in Beverly Hills, California.

tion, giving regard to conservation of judicial resources and comprehensive disposition of litigation," *id.* at 817, 96 S.Ct. at 1246.

On January 26, 1995, the California Superior Court entered an order staying all proceedings in the California action on the ground of *forum non conveniens.* Deloitte has made no claim or showing of inconvenience in this forum. The District of Columbia is convenient to the London insurers, and it is the place where Deloitte's settlement with the government—the event giving rise to Deloitte's claim against these insurers—occurred. The California court's order is decisive on the convenience point.

The California court's order also means, as a practical matter, that there is no litigation activity in California.[2] Thus, neither piecemeal nor duplicative litigation will result from going forward here. Counsel for Deloitte represent that Deloitte has filed a notice of appeal from the Superior Court's January 26 stay order and that such appeal will lie as a matter of right, but, at least until that appeal is resolved, nothing will happen in the California case.

I find that considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" weigh against abstention and favor moving ahead with the case at bar, so that the parties can take their discovery and prepare for trial. If, and when, an appellate court in California should reverse the Superior Court's finding of *forum non conveniens* and vacate its stay order, a motion to reconsider the abstention question will be in order. In the meantime, the discovery and case development efforts of the parties will not have been delayed.

*Jurisdiction of the Person*

▮ It appears from the face of the complaint and from other materials of record that defendant J. Michael Cook is chairman and chief executive officer of Deloitte; that Deloitte is organized as a general partnership; that Deloitte maintains an office in, is licensed to do business and does do business in the District of Columbia; that Mr. Cook lives in Connecticut and maintains offices there and in New York; and that on several occasions documented by news accounts Mr. Cook has been present in the District of Columbia while engaged in Deloitte's accounting business.

The gist of defendant's motion appears to be, not that Mr. Cook lacks minimum contacts with the District, or that the exertion of personal jurisdiction over him and Deloitte offends traditional notions of fair play and substantial justice, but only that plaintiffs have not yet made the right allegations. If personal jurisdiction over Mr. Cook and Deloitte turns out to be a serious issue in this case, plaintiff will have the burden of proof at trial or in an evidentiary hearing. At this stage of the proceedings, however, plaintiffs have a "relatively light" burden, *Welsh v. Gibbs,* 631 F.2d 436, 439 (5th Cir.1980). Their prima facie case is established by the recitations set forth above and by invoking the District of Columbia long-arm statute, D.C.Code Ann. § 13–423(a)(1) (1994). *See National Bank of Washington v. Mallery, supra,* 669 F.Supp. at 26–29; *Abramson v. Wallace,* 706 F.Supp. 1, 2 (D.D.C.1989); *Reiman v. First Union Real Estate Equity & Mortg.,* 614 F.Supp. 255 (D.D.C.1985).

\*  \*  \*  \*  \*  \*

For the foregoing reasons, and upon review of the whole record, it is this 27th day of February 1995

**ORDERED** that defendants' motion to dismiss or stay is **denied;** and it is further

**ORDERED** that counsel are to meet and confer promptly pursuant to Local Rule 206 and file their joint Rule 206 statement on or before March 1, 1995.

---

2. A respectable argument can be made that the California stay order removes this case from the *Brillhart* and *Colorado River* line of cases altogether: "[A] stay is as much a refusal to exercise jurisdiction as a dismissal." *Moses H. Cone Memorial Hospital v. Mercury Construction,* 460 U.S. 1, 28, 103 S.Ct. 927, 943, 74 L.Ed.2d 765 (1983).